Approved: _____
MATTHEW PODOLSKY
Assistant United States Attorneys

Before:  HONORABLE SARAH NETBURN
Chief United States Magistrate Judge
Southern District of New York

**FILED**
SEP 16 2015
S. D. OF N.Y.

DOC # __1__

**15 MAG   3313**

- - - - - - - - - - - - - - - - - -  x
                                      :
UNITED STATES OF AMERICA              :      **SEALED COMPLAINT**
                                      :
        - v. -                        :      Violations of
                                      :      18 U.S.C. §§ 922(g)(1) and
JAMES BRIGGMAN,                       :      2
                                      :
        Defendant.                    :      COUNTY OF OFFENSE:
                                      :      BRONX
- - - - - - - - - - - - - - - - - -  x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    JAMA JOSEPH, being duly sworn, deposes and says that he is
a Detective with the New York City Police Department and charges
as follows:

### COUNT ONE

    1.    On or about August 15, 2015, in the Southern District
of New York, JAMES BRIGGMAN, the defendant, after having been
convicted in a court of a crime punishable by imprisonment for a
term exceeding one year, knowingly did possess, in and affecting
commerce, a firearm and ammunition, to wit, one Keltec, CNC
Industries Inc., Model P-11 9-millimeter pistol, which
previously had been shipped and transported in interstate and
foreign commerce.

    (Title 18, United States Code, Sections 922(g)(1) and 2.)

    The bases for my knowledge and for the foregoing charges
are as follows:

    2.    I am a Detective with the New York City Police
Department ("NYPD").  I have been personally involved in the
investigation of this matter.  This affidavit is based upon my
personal participation in the investigation, my examination of
reports and records, and my conversations with other law

1

enforcement officers and other individuals.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

    3.    Based on my conversations with an officer of the NYPD ("Officer-1") who participated in the arrest of JAMES BRIGGMAN, the defendant, I have learned, among other things, the following:

        a.    On or about August 15, 2015, at approximately 1:15 a.m., Officer-1 was driving a marked NYPD vehicle in the vicinity of 2420 Creston Avenue, Bronx, New York, with a lieutenant of the NYPD ("Lieutenant-1") in the front passenger seat, when Officer-1 observed what appeared to be a Dodge Magnum car ("Car-1").

        b.    Officer-1 had previously observed Car-1 parked in the same spot on many occasions.

        c.    While still in his vehicle, Officer-1 approached Car-1 and directed his flashlight through the windshield of Car-1.

        d.    Officer-1 observed the defendant sitting in the driver's seat of Car-1.  Officer-1 also observed that there was a bag on the defendant's lap ("Bag-1"), with a ziplock bag inside containing a green substance that appeared to be marijuana.  Officer-1 also observed that the defendant was holding what appeared to be a small bag in his hand.

        e.    Lieutenant-1 exited the NYPD vehicle and approached the driver's door of Car-1.

        f.    Officer-1 exited the NYPD vehicle and stood by the windshield of Car-1, directing his flashlight at the defendant.

        g.    Officer-1 then walked around Car-1 to the driver's door.

        h.    The defendant opened the window of the driver's door of Car-1, at which time Officer-1 unlocked and opened the door and again observed the ziplock bag in the defendant's lap

2

containing what appeared to be marijuana and the small bag in the defendant's hand.

       i.    Lieutenant-1 removed the defendant from the car and Officer-1 placed him under arrest.

       j.    Officer-1 drove Car-1 to the NYPD precinct and asked two NYPD officers ("Officer-2" and "Officer-3," together with Officer-1, the "Officers") at the precinct to conduct an inventory search of Car-1.

       k.    Lieutenant-1 brought Bag-1 back to the NYPD precinct.

       l.    Bag-1 contained a large ziplock bag containing a green substance that field tested positive for marijuana.  Bag-1 also contained a scale and a large number of empty small plastic bags.

    4.    Based on my training and experience, and my participation in this investigation, I believe that the contents of Bag-1 were consistent with items used to package and sell marijuana.

    5.    Based on my conversations with Officer-2 and Officer-3, I have learned, among other things, the following:

       a.    After opening the trunk of Car-1 to conduct an inventory search, Officer-2 and Officer-3 observed a black plastic bag.  Officer-2 removed the black plastic bag from the trunk and felt a heavy object inside.  Upon looking in the black plastic bag, Officer-2 observed a gun with a magazine inside (the "Firearm") and a white cloth.

       b.    After resuming the inventory search of Car-1, Officer-2 and Officer-3 found two small bags ("Bag-2" and "Bag-3") of a substance appearing to be marijuana in the back seat of Car-1.

    6.    Based on my review of NYPD documents, I know that the Firearm is a Keltec, CNC Industries Inc., Model P-11 9-millimeter pistol.

    7.    I have communicated with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF Agent") who is familiar with the manufacturing of firearms.  Based on my communications with the ATF Agent, I know that

Keltec, CNC Industries Inc., Model P-11 9-millimeter pistols are not and have never been manufactured in New York State.

8.    I have reviewed criminal history records pertaining to JAMES BRIGGMAN, the defendant, which show that BRIGGMAN was convicted on or about November 29, 2004, in Bronx County Supreme Court, of Robbery in the Second Degree, in violation of New York Penal Law § 160.10, a Class C Felony.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of JAMES BRIGGMAN, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

DETECTIVE JAMA JOSEPH
NEW YORK CITY POLICE DEPARTMENT

Sworn to before me this
_16_ day of September, 2015

THE HONORABLE SARAH NETBURN
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK